*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEMETRIUS CHAPEL,

Defendant-Appellant.

UNPUBLISHED
June 20, 2025
10:13 AM

No. 370555
Wayne Circuit Court
LC No. 18-004779-01-FC

Before: MALDONADO, P.J., and M. J. KELLY and RIORDAN, JJ.

RIORDAN, J. (*dissenting*).

I respectfully dissent.

As the majority points out, neither party to this matter is challenging that defendant's cell phone was seized and subsequently searched in violation of the Fourth Amendment, US Const, Am IV, and all evidence flowing from this illegal seizure was subject to suppression pursuant to the exclusionary rule, a "judicially created remedy that originated as a means to protect the Fourth Amendment right of citizens to be free from unreasonable searches and seizures." *People v Hawkins*, 468 Mich 488, 498; 668 NW2d 602 (2003).[1] The trial court found the evidence obtained from the illegal seizure of the cell phone was tainted and now the issue before us is whether the prosecution presented sufficient additional evidence at trial to allow the jury to convict defendant beyond a reasonable doubt. Contrary to the majority's conclusion, I believe the record supports the trial court's finding there is sufficient, properly admitted evidence to sustain defendant's convictions.

In a nutshell, I agree with the trial court that, although improperly allowed at trial, the admission of the evidence obtained from the illegal seizure of the cell phone amounted to harmless

---

[1] "The exclusionary rule . . . generally bars the introduction into evidence of materials seized and observations made during an unconstitutional [seizure]." *Id*. at 498-499.

error.[2]  As the trial court articulated in its denial of defendant's motion to vacate his jury-trial convictions, "there is some forensic evidence of two shooters, evidenced by two different—two different shell casings; witnesses at the scene, stating that both windows on the passenger side of the car were rolled down."  This evidence shows "there is a person acting in concert with Mr. Long."  Further, the court said, "[t]here is a nexus of phone calls between Mr. Wright, Mr. Long and [defendant].  That nexus of phone calls is then followed by overlapping coverage map that shows that conversion of Mr. Long and [defendant's] cell phone in a particular area, which is the area of the shooting."  The trial court noted that, subject to the Fourth Amendment violation, it suppressed Detective Sarah Markel's testimony.[3]  However, the trial court noted, Stan Brue, an expert in cell phone tower data mapping, testified at trial and he did not rely on Markel's search of the cell phone.  The trial court stated that Brue's testimony was "very similar to the [Markel] testimony" and, thus, while the evidence presented through Markel was illegally obtained, its improper admission was "harmless error beyond a reasonable doubt, and that a [sic] honest, fair-minded juror would have returned the same verdict."  In other words, the tainted evidence was cumulative to what Brue had discovered independently of Markel's search of the cell phone.

In general, cumulative evidence is "[a]dditional evidence that supports a fact established by the existing evidence (esp. that which does not need further support)."  *Black's Law Dictionary* (9th ed), p 636.  At trial, Brue discussed evidence obtained from cell-phone service providers, and not from the cell phone itself, that evidence was properly admitted.  Brue's testimony established that Long, Wright, and defendant exchanged a number of phone calls about the time of the shooting.  Further, tracking defendant's cell-phone movement based on its interactions with cell

---

[2] "Before a constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."  *People v Whitehead*, 238 Mich App 1, 7; 604 NW2d 737 (1999) (quotation marks and citation omitted).  "The court must determine, beyond a reasonable doubt [,] that there is no reasonable possibility that the evidence complained of might have contributed to the conviction."  *Id*. at 7-8 (quotation marks and citation omitted; alteration in original).  "A reasonable doubt . . . is a fair doubt, growing out of the testimony of the case.  It is not a mere imaginary, captious, or possible doubt."  *People v Swartz*, 118 Mich 292, 300; 76 NW 491 (1898) (quotation marks omitted).  In other words, a reasonable doubt is "a doubt that would cause a reasonable person to hesitate to act," and it must be "more than a speculative one."  *Victor v Nebraska*, 511 US 1, 20; 114 S Ct 1239; 127 L Ed 2d 583 (1994).  It appears the majority requires that it be beyond *all* doubt, rather than reasonable doubt, that the complained of evidence did not contribute to the defendant's conviction.  To support its conclusion, the majority grounds its hesitation to affirm on its preferred theory of "doubt" based on the prosecution's closing and rebuttal argument and not upon the evidence properly admitted at trial.  In any event, defense counsel used its closing argument to assert that the cell-phone evidence at issue was inconsistent with the other evidence admitted at trial, and the trial court instructed the jury that "[t]he lawyers' statements and arguments are not evidence."  Thus, I am disinclined to accord any significant weight to the prosecution's closing and rebuttal.  In other words, I would direct our analysis to the overwhelming evidence introduced against defendant during this multi-day trial, not the relatively brief concluding arguments of the parties' respective attorneys.

[3] Markel conducted the forensic download of the contents of the cell phone and testified about those contents at trial.

towers showed defendant's phone moved to the area of the shooting about the time it occurred. So, while Markel's illegal search of the cell phone corroborated the phone's location during the shooting with greater specificity than Brue, Brue already had established the phone's movements, its presence in the general vicinity of the shooting, and its repeated contact with Long's and Wright's phones.

Further, at trial, Wright admitted he was at the liquor store in a silver vehicle on the night of the shooting. He confirmed Antonio Henley was affiliated with the street gang "Block Squad" and that Wright was affiliated with a gang or group that was in a rivalry with Block Squad. Wright also admitted to following Henley. Wright called Long twice, and told Long he saw Henley at the store. After driving around "the block twice[,]" Wright returned home and "heard gunshots." Officers also examined several bullet fragments recovered from the scene. Forensic testing concluded the fragments were not fired from the same gun. A "minimum of two different weapons[]" were involved in this shooting. Further, at trial, officers described a photograph obtained from Facebook depicting Wright and Long in front of a black Buick. Officers later found shell casings inside the Buick.

While the evidence against defendant was circumstantial, such "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (quotation marks and citation omitted). Thus, the jury reasonably could infer from Brue's testimony, without any reliance on Markel's testimony, that defendant was in the area at the time of the shooting. As a result, the tainted evidence obtained from defendant's cell phone was cumulative and the trial court did not abuse its discretion when it denied defendant's motion for a new trial. See *People v Jones*, 236 Mich App 396, 404; 600 NW2d 652 (1999).

Therefore, I would affirm.[4]

/s/ Michael J. Riordan

---

[4] Given the majority's resolution, I also will not consider defendant Chapel's remaining arguments. Regardless, for largely the same reasons outlined in the prosecution's brief on appeal, I would conclude that his remaining arguments are meritless.